UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:18-cr-115-J-34JBT

JAMAAL ABU TALIB HAMEEN
   a/k/a Charles Flowers

## **O R D E R**

**THIS CAUSE** came before the Court on Defendant's Motion to Disqualify United States Attorney (Doc. 199; Motion), as well as Defendant's Memorandum (Doc. 199-1; Memorandum) and Affidavit (Doc. 199-2; Affidavit) in Support of the Motion, filed on December 4, 2018. The government filed a response in opposition to the Motion on December 7, 2018. See United States' Response in Opposition to Defendant's Motion to Disqualify United States Attorney (Doc. 210; Response). Thus, this matter is ripe for review.

After an evidentiary hearing on December 11, 2018, the Court announced that it would deny the instant Motion. At that time, potential jurors had been assembled and were waiting to be brought to the courtroom for jury selection for Defendant's trial, which was also scheduled to begin on December 11, 2018.[1] In light of this, the Court provided the parties with a brief summary of its analysis and explained that, although the Court

---

[1] Ultimately, trial did not proceed on December 11, 2018, because after the evidentiary hearing on the morning of December 11th and before jury selection began, Defendant announced that he no longer wished to proceed pro se. Because Defendant had recently attempted to name his court-appointed standby counsel as a defendant in a civil lawsuit, which Defendant initiated in state court in September 2018, the Court appointed a new attorney to represent Defendant at trial. As such, the Court granted a continuance so that Defendant's new attorney would have sufficient time to familiarize himself with the case and to prepare for trial.

planned to enter a thorough written order on the Motion, it would do so later and proceed with beginning the trial. Thus, the Court announced its resolution of the Motion and stated its intention to enter a comprehensive written order at a later date. The Court fulfills that intention here, but also incorporates the reasoning given at the December 11th hearing.

I. **Standard**

Regarding the disqualification of individual Assistant United States Attorneys (AUSA(s)), the Court notes that it is improper for members of a United States attorney's staff to participate "in a particular investigation or prosecution if such participation may result in a personal, financial, or political conflict of interest, or the appearance thereof." 28 U.S.C. § 528. The Supreme Court of the United States "categorically forbids an interested person from controlling the defendant's prosecution[.]" United States v. Siegelman, 786 F.3d 1322, 1329 (11th Cir. 2015) (citing Young v. United States ex rel. Vuitton et Fils S.A., 481 U.S. 787, 807 (1987)) (emphasis omitted). However, the disqualification of the government's counsel is an extraordinary measure that must be used sparingly. See United States v. Bolden, 353 F.3d 870, 878 (10th Cir. 2003). Indeed, "[c]ourts have allowed disqualification of government counsel in limited circumstances." Id. at 878–79 (collecting cases). See, e.g., United States v. Hosford, 782 F.2d 936, 938 (11th Cir. 1986) ("It is clear that a prosecutor must not act as both prosecutor and witness."); U.S. v. Spiker, 649 F. App'x 770, 773-74 (11th Cir. 2016) (holding that prosecutor should have been disqualified after defendant threatened and actually attempted to murder him).[2] Notably, courts addressing the issue have generally held that

---

[2] "Although an unpublished opinion is not binding . . ., it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

an extant civil action against a prosecutor does not warrant disqualification. See U.S. v. Kahre, 737 F.3d 554, 573-75 (9th Cir. 2013); United States v. Kember, 685 F.2d 451, 458-59 (D.C. Cir. 1982).

Regarding the disqualification of the entire United States Attorney's Office, the Tenth Circuit in Bolden instructed that "because disqualifying government attorneys implicates separation of powers issues, the generally accepted remedy is to disqualify a specific Assistant United States Attorney . . ., not all the attorneys in the office." Bolden, 353 F.3d at 879 (internal citations and quotation marks omitted). The court further noted that "every circuit court that has considered the disqualification of an entire United States Attorney's office has reversed the disqualification." Id. (collecting cases). See also U.S. v. Sharma, 394 F. App'x 591, 595 (11th Cir. 2010) (noting that the Eleventh Circuit has "not addressed in a published opinion the circumstances of when it might be necessary to disqualify an entire U.S. Attorney's Office from representing the Government," and then applying the standard set forth in Bolden).

## II. Analysis

In the Motion, Defendant seeks "an order disqualifying the United States Attorney's Office of the Middle District of [Florida] from further proceeding with the prosecution of [the] undersigned and to enter a further order that the Indictment in the above-captioned matter be quashed." Memorandum at 4. In support, Defendant argues that the two AUSAs prosecuting the case have "substantially prejudiced" him and demonstrated "personal bias" against him based on a number of allegations of misconduct. First, Defendant alleges that the AUSAs solicited perjured testimony from Mr. Snehal Patel at the suppression hearing when they "coerce[d] Mr. Patel to change his story" about having

given surveillance video of Defendant's arrest to JSO officers, and from Detective Morel Sepulveda, "who has given conflicting testimony throughout the course of these criminal proceedings." See id. at 2-3. Second, Defendant alleges that the AUSAs have committed a number of discovery violations, including inter alia failing to preserve surveillance video of his arrest, failing to turn over emails, and failing to provide witness statements as required by Federal Rule of Criminal Procedure 26.2. Id. Third, Defendant argues that the AUSAs are prosecuting him in retaliation for the civil lawsuit that Defendant initiated against the AUSAs, among others, in state court on September 17, 2018. Id. at 1-2.

After careful consideration, the Court determines that Defendant has not presented any circumstances warranting disqualification of the individual AUSAs in this case, much less the entire U.S. Attorney's Office. Nor has Defendant presented any argument that would warrant dismissal of the Indictment. With regard to Defendant's claim that the AUSAs have solicited perjured testimony, there is simply no evidence before the Court to support such an allegation.[3] Likewise, as this Court has addressed on the record in status hearings, as well as in the Order Denying Defendant's Motion to Dismiss, there is no evidence before the Court to support a finding that the government has committed discovery violations in this case.[4] To the contrary, the government has cooperated with

---

[3] Although the Court has concluded that Mr. Patel was mistaken when he testified about what video he copied for a JSO officer, Mr. Patel, himself, did not change his testimony or testify that he "might have been mistaken" about providing the surveillance video to JSO as Defendant suggests in his Motion. For discussion of the surveillance video issue, including a summary of Mr. Patel's relevant testimony, see the Court's Order denying Defendant's Motion to Dismiss for Prosecutorial Misconduct in Reference to Brady Violation(s) (Doc. 180), dated December 13, 2018 (Doc. 229; Order Denying Defendant's Motion to Dismiss).

[4] Despite his conclusory allegations, Defendant has failed to adduce any evidence of any discoverable email or discoverable witness statement that the government failed to produce.

Defendant's many discovery requests and has provided Defendant with numerous items of discovery not ordinarily sought or produced in criminal cases.

Finally, the Court finds that Defendant's initiation of a civil lawsuit against the AUSAs is not grounds for disqualification. As explained by the D.C. Circuit:

> The potential conflict of interest that might result from a personal civil suit filed against an [AUSA] by a defendant in a criminal case for acts undertaken by the AUSA in his official capacity in the criminal matter would have to be very strong before disqualification would be justified. It could not be justified by mere inference from the filing of the suit but would require proof, by clear and convincing evidence, of a prima facie case of misconduct on the part of the AUSA.

United States v. Heldt, 668 F.2d 1238, 1277 n.80 (D.C. Cir. 1981). To the extent the claims in Defendant's state court lawsuit are decipherable, they appear to be related to actions taken by the AUSAs in their official capacities. See Hameen v. Lopez, et al., Case No. 16-2018-CA-6314 (4th Jud. Cir. in and for Duval County, Florida) filed on Sep. 17, 2018. The Court finds that Defendant's mere reference to the state court lawsuit against the AUSAs is insufficient to serve as grounds for their disqualification. See Kahre, 737 F.3d at 575; Kember, 685 F.2d at 458; Heldt, 668 F.2d at 77 n.80. Moreover, Defendant has failed to show any personal, financial, or political conflict of interest on the part of the AUSAs that would warrant disqualification. As such, the Motion is due to be denied.

Accordingly, it is **ORDERED**:

Defendant's Motion to Disqualify United States Attorney (Doc. 199) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida on December 13, 2018.

MARCIA MORALES HOWARD
United States District Judge

Lc23

Copies to:

Defendant
Counsel of Record