**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.  Case No.  3:18-cr-115-J-34JBT

JAMAAL ABU TALIB HAMEEN
   a/k/a Charles Flowers

## O R D E R

**THIS CAUSE** is before the Court on Defendant's various requests for discovery and a private investigator in connection with his upcoming sentencing hearing.  See Demand for all Electronic Discovery (Doc. 376; Demand for Electronic Discovery), filed on August 26, 2019; Demand for Immediate Release of all Case Files and Records in the "Actual and/or Constrictive" possession of Christopher Eric Roper (Doc. 396; Demand for Case Files), filed on September 13, 2019; Notice and Demand for the Court to Compel . . . All E-Discovery Nunc Pro Tunc as Provided by and as a Matter of Law (Doc. 405; Demand for E-Discovery),[1] filed on September 23, 2019; Constitutional Complaint for Procedural and Substantive Due Process Violation (Doc. 414; Discovery Constitutional Complaint), filed on October 9, 2019 (collectively, the Demands for Discovery); Notice and Demand to Open C.J.A. Voucher to Obtain a Private Investigator (Doc. 401; Demand for Investigator); filed on September 18, 2019; "Constitutional Complaint" for Procedural Due Process

---

[1] As directed by the Court, see Endorsed Order (Doc. 409), the government and Mr. Roper filed responses to the Demand for E-Discovery on October 10, 2019.  See Response to Defendant's Notice and Demand for the Court to Compel by Christopher Eric Roper (Doc. 422; Mr. Roper's Response); United States' Response in Opposition to Defendant's Notice and Demand – Doc. 405 (Doc. 424; Government's Response).

Violation(s) (Doc. 408; Investigator Constitutional Complaint), filed on September 30, 2019. For the reasons set forth below, the Court finds that each filing is without merit.

**I.      Background**

On March 1, 2019, a jury returned a verdict finding Defendant guilty of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). See Verdict (Doc. 317). On March 4, 2019, the Court set Defendant's sentencing hearing for June 3, 2019. See Notice of Hearing (Doc. 318). At a status conference held on May 14, 2019, Defendant's court-appointed counsel (Douglas Clifton) moved to withdraw from the case, see Oral Motion to Withdraw as Attorney (Doc. 352; Motion to Withdraw), the Court granted the Motion to Withdraw, and later appointed a new attorney (Eric Roper) to represent Defendant in the sentencing proceedings. See Order (Doc. 357). As a result, the Court rescheduled the sentencing hearing to September 3, 2019, to give Mr. Roper adequate time to familiarize himself with the record and prepare for sentencing. See Clerk's Minutes from May 23, 2019 Status Conference (Doc. 356; 5/23/19 Minutes); Notice of Hearing (Doc. 358).

At Defendant's request, see Motion for A Status Conference (Doc. 362; filed on August 5, 2019), the Court held a status conference on August 14, 2019, to address Defendant's desire to, once again, represent himself in this criminal proceeding.[2] See Order (Doc. 363). At the status conference, the Court confirmed that Defendant had knowingly, intentionally, and voluntarily waived his right to be represented by counsel and had invoked his right to represent himself. See Clerk's Minutes from August 14, 2019

---

[2] Defendant represented himself up to the day of jury selection when he requested that counsel assume responsibility for his defense. See Order (Doc. 228). Due to a possible conflict with his standby counsel at the time, the Court appointed new counsel and continued the trial. Id.

Status Conference (Doc. 364; 8/14/19 Minutes). The Court ordered Mr. Roper to remain on the case as Defendant's standby counsel. Id.

On the day of the status conference, Defendant submitted to the Court more than 200 pages of sentencing objections, which the Court divided into five parts at Defendant's request. See Sentencing Objections – Part 1 (Doc. 365); Sentencing Objections – Part 2 (Doc. 366); Sentencing Objections – Part 3 (Doc. 367); Sentencing Objections – Part 4 (Doc. 368); Sentencing Objections – Part 5 (Doc. 369). The Court directed the government to file a separate response to each part, which it has since done. See 8/14/19 Minutes. The Court instructed Defendant that any additional objections to the Presentence Investigation Report (PSR) must be postmarked no later than August 19, 2019, and that no further objections would be permitted after that date.[3] Id. Notably, although Defendant asked the Court to stay his sentencing pending the outcome of the Supreme Court's decision in United States v. Shular,[4] which the Court denied, Defendant did not move to continue the sentencing hearing in light of his decision to proceed pro se, nor did he suggest he needed any additional time or information to proceed. See 5/23/19 Minutes. As such, the sentencing hearing remained scheduled for September 3, 2019, until August 30, 2019, when the Court was forced to sua sponte continue the sentencing to October 15th due to uncertainty with the weather caused by the approach of Hurricane Dorian.[5] See August 30, 2019 Endorsed Order Continuing the Sentencing Hearing (Doc. 389). In doing so, however, the Court did not extend Defendant's deadline for filing

---

[3] Among other documents, Defendant filed Part 6 of his sentencing objections on August 20, 2019. See Objection to the Sentencing Hearing (Doc. 371; Part 6). As these documents were postmarked by August 19, 2019, the Court considers them timely filed.
[4] See Shular v. United States, 139 S. Ct. 2773 (2019).
[5] Ultimately the Brian Simpson United States Courthouse was closed on September 3, 2019, due to the anticipated course of the hurricane. The Court continued the sentencing hearing to October due to the Court's September criminal trial calendar.

objections to the PSR. Despite this, Defendant embraced the continuance as an opportunity to file a new round of demands, notices, and complaints, including the instant filings. In these filings, he purports to seek documents and other information to prepare for the sentencing hearing.

In his Demands for Discovery, Defendant asks the Court to order Mr. Roper to deliver "all records, notes communications with the Government, Senior Probation officer, Irish Anderson, The Court, The Florida Bar, and The Eleventh Circuit Court of Appeals. This information is vital in the preparation for the sentencing hearing scheduled for October 15, 2019 . . . ." See Demand for Files at 1. Defendant also makes a generalized request for discovery pursuant to Brady v. Maryland, 373 U.S. 83 (1963). See generally Demand for E-Discovery; Demand for Electronic Discovery. Finally, Defendant vaguely asks the Court to order the AUSAs, the government case agent, and the probation officer assigned to Defendant's case to turn over all discovery and Brady materials. See Demand for Electronic Discovery; Demand for E-Discovery. Defendant reiterates these requests in his Discovery Constitutional Complaints.

Notably, Defendant did not file any request for a CJA "voucher to hire a licensed private investigator" to obtain "records and other information in preparation" for the sentencing hearing until September 18, 2019, two weeks after his sentencing hearing was scheduled to occur and a full month after the deadline for objections. See Demand for Investigator at 1. In support of his request, Defendant states, in conclusory fashion, that "the records and information are vital to presenting mitigating, facts, circumstances and evidence, and petitioner wholly believes he will not be able to obtain the evidence (information and records) in a timely manner from standby counsel . . . ." Id. In his

Investigator Constitutional Complaint, filed on September 30, 2019, Defendant asserts, among other things, that his constitutional rights have been violated by the Court's failure to grant "a prompt hearing and judicial review of his many presentments concerning his demand for an investigator, witness(es), orders to compel, demand for Brady materials, E-Discovery, and several Constitutional Complaints, as well as . . . refusing to Order the Government to issue a response to the undersigned's "Sentencing Objections; Part 6 and 6a . . . ." See Constitutional Complaint at 1.

**II.    Analysis**

At the outset, the Court finds that the instant requests are due to be denied as untimely. Indeed, Defendant filed each request well after his deadline for filing objections to the PSR and, with the exception of one, approximately two weeks, or more, after the September 3, 2019 sentencing date, which was continued only because of an approaching hurricane. As previously noted, the Court's continuation of the sentencing due to the hurricane did not permit Defendant to restart the proceedings by filing more objections, so any attempt to hire a private investigator at this late stage for the purpose of objecting to the PSR is simply too late. The Court also notes that, while proceeding pro se, Defendant has filed numerous discovery requests and has previously requested the assistance of a private investigator. See Sealed Order Granting Sealed Motion for Additional Funding for Private Investigator (Sealed Doc. 175; filed November 27, 2018). Thus, it is apparent that had Defendant believed he needed the services of an investigator earlier to prepare any objection or obtain information or records for the sentencing, he knew precisely how to make such a request and had the ability to do so in a timely manner.

The requests are also due to be denied on the merits for several reasons. First, there is no reason to believe that Defendant is not already in possession of all the relevant discovery to which he is entitled. Indeed, Mr. Roper represents to the Court that he has provided Defendant with <u>all</u> discovery materials in his possession. <u>See</u> Mr. Roper's Response.[6] Similarly, there is no evidence before the Court to suggest that the government has not turned over all relevant discovery to Defendant. To the contrary, the record in this case establishes that the government has cooperated with Defendant's many discovery requests and has provided Defendant with numerous items of discovery, including items not ordinarily sought or produced in criminal cases. Moreover, the government represents that "it is not aware of any additional 'e-discovery' reviewed by the Probation Officer and used in the preparation of the Presentence Investigation Report that has not already been produced to the defendant." <u>See</u> Government's Response at 2.

Additionally, the Court finds that Defendant has failed to provide sufficient detail to support his Demands for Discovery or his Demand for Investigator. For example, Defendant fails to state why he needs a private investigator, why he needs certain documents, or even what documents or information he seeks. Indeed, Defendant has made no attempt to explain why the nonspecific information he purports to seek is necessary to his defense at sentencing, despite having been instructed by the Court on numerous occasions in other contexts regarding his obligation to do so. <u>See, e.g.</u>, Order Regarding Defendant's Potential Requests for Trial Subpoenas (Doc. 183; filed November 28, 2019). Finally, the Court finds that Defendant's lack of discovery or a private investigator has not prevented him from preparing for the sentencing hearing. To the

---

[6] Previous attorneys appointed to represent Defendant have given the Court the same assurance in the past.

contrary, Defendant has filed hundreds of pages of objections to the PSR, as well as requests for witness subpoenas, see Defendant's Notice and Demand to Call Witnesses (Doc. 370), which the Court granted in part and denied in part, see Order (Doc. 410).

As to Defendant's specific argument that the Court's failure to hold a hearing on his request for an investigator violated his constitutional rights, the Court finds this argument unavailing, as Defendant has submitted no authority suggesting that he is entitled to a hearing on a discovery motion. In addition, the Court notes that, contrary to Defendant's assertion, the government responded to Part 6 of his sentencing objections on August 28, 2019, when it responded to the rest of Defendant's objections. See United States' Response in Opposition to Defendant's Sentencing Objections – Doc. 371 (Doc. 386).

Accordingly it is

**ORDERED:**

1. Defendant's Demand for all Electronic Discovery (Doc. 376) is **DENIED**.

2. Defendant's Demand for Immediate Release of all Case Files and Records in the "Actual and/or Constrictive" possession of Christopher Eric Roper (Doc. 396) is **DENIED**.

3. Defendant's Notice and Demand for the Court to Compel . . . All E-Discovery Nunc Pro Tunc as Provided by and as a Matter of Law (Doc. 405) is **DENIED**.

4. Defendant's Constitutional Complaint for Procedural and Substantive Due Process Violation (Doc. 414) is **DENIED**.

5. Defendant's Notice and Demand to Open C.J.A. Voucher to Obtain a Private Investigator (Doc. 401) is **DENIED**.

6. Defendant's "Constitutional Complaint" for Procedural Due Process Violation(s) (Doc. 408) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida on October 11, 2019.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

Lc23

Copies to:

Counsel of Record
Defendant