**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.  CASE NO: 3:18-cr-115-J-34JBT

JAMAAL ABU TALIB HAMEEN  ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

## O R D E R

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the factors identified in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED

Defendant Jamaal Abu Talib Hameen is a 60-year-old inmate incarcerated at Jesup FCI, serving a 180-month term of imprisonment for possession of a firearm by an armed career criminal. (Doc. 457, Amended Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on November 19, 2030. Hameen seeks compassionate release because of the Covid-19 pandemic and because he suffers from hypertension, angina, obesity (as measured by a Body Mass Index [BMI] of 35), anxiety, and post-traumatic stress disorder, and because he has had three open

heart surgeries to address cardiac myxoma – a type of benign tumor of the heart.[1] In his initial pro se Emergency Motion for Compassionate Release, Hameen also stated that he has mild asthma and a compromised immune system. (Doc. 521, Pro Se Motion). However, in his counseled Supplemental Motion for Compassionate Release, Hameen does not assert those two conditions. (Doc. 528, Supplemental Motion).[2]

Preliminarily, the Court must determine whether it has jurisdiction over the Motion for Compassionate Release. Hameen has filed a notice of appeal from his conviction and sentence, and the appeal remains pending. See United States v. Jamaal Abu Talib Hameen, No. 19–14279–EE (11th Cir.). Ordinarily, the filing of a notice of appeal divests the district court of jurisdiction "over the aspects of the case involved in the appeal." United States v. Diveroli, 729 F.3d 1339, 1341 (11th Cir. 2013). However, Rule 37 of the Federal Rules of Criminal Procedure ("Rule(s)") gives a district court authority to issue limited types rulings on a motion despite a pending appeal. Under that Rule,

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

---

[1] https://my.clevelandclinic.org/health/diseases/16840-cardiac-tumors.

[2] After the Court extended the appointment of the Federal Public Defender to encompass Hameen's request for compassionate release, Hameen filed a pro se "Supplemental Corrected Reply in Support of Motion for an Indicative Ruling on Compassionate Release." (Doc. 534). The pro se supplement is due to be **stricken** because Hameen is represented by counsel and he did not obtain leave of Court to file the pro se supplement. See Rule 2.03(d), Local Rules, United States District Court for the Middle District of Florida.

Fed. R. Crim. P. 37(a).

The United States argues that the Motion is not "timely," and thus that the Court lacks jurisdiction, because Hameen has not exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A). (Doc. 531, Response at 3-6). The Court disagrees. Neither party disputes that Hameen submitted a request for compassionate release to the warden of his facility on April 16, 2020, and that the warden denied the request on April 20, 2020. (See Doc. 521-2). Hameen filed his pro se Emergency Motion for Compassionate Release on or around July 15, 2020, well over 30 days after he submitted the request to the warden. As the United States conceded in United States v. Ruvel Smith, — F. Supp. 3d —, 2020 WL 5106694, at *3–4, (M.D. Fla. Aug. 31, 2020), and the Court independently determined, a defendant fulfills the compassionate release statute's 30-day exhaustion alternative when he submits a request for compassionate release to the warden of his facility and waits at least 30 days to file a motion for compassionate release. Because Hameen has satisfied that requirement, his Motion is "timely" under Rule 37 and the Court has jurisdiction to defer consideration, deny the Motion, or indicate that the Motion has merit.

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the

3

virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

The Court assumes, for the sake of discussion, that Hameen's medical conditions, together with Covid-19, qualify in the aggregate as a serious medical or physical condition under U.S.S.G. § 1B1.13, cmt. 1(A)(ii), even if each condition might not qualify as such individually. Thus, the Court assumes that Hameen's condition renders him eligible for compassionate release.

That said, the Court expresses skepticism with regard to Hameen's dire prediction that continued incarceration would amount to a death sentence. Supplemental Motion at 2. Notably, the evidence does not reflect that Jesup FCI has failed to protect the lives of its inmates. According to the BOP's latest data, two inmates and 19 staff members are currently positive for coronavirus, and 244 inmates and three staff members have recovered.[3] Although it is possible that more inmates have been infected than is reported, only a single inmate (out of 1,346 total) has died from coronavirus. Thus, the data suggests that Jesup FCI is capable of securing the safety of those in its custody.

In any event, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Hameen was charged with, and convicted of, possession of a firearm by an armed career criminal. (See Doc. 454, Revised Presentence Investigation Report [Revised PSR] at ¶¶ 5-7). On February 7, 2018, two officers with the Jacksonville Sheriff's Office were on patrol when a motel manager waved them down. The officers stopped and found Hameen in a verbal altercation with the manager. The officers encouraged Hameen to leave, but when

---

[3] https://www.bop.gov/coronavirus/. Last accessed on October 14, 2020. These numbers are updated daily.

4

Hameen refused to do so, the officers began to place him under arrest. As one of the officers was arresting him, a .380 caliber pistol fell out of Hameen's coat. The officers also found baggies of heroin, powder cocaine, fentanyl, and methamphetamine on Hameen during the arrest. Before this case, Hameen had 15 felony convictions, including charges of carrying a concealed firearm, aggravated assault, grand theft, possession of cocaine (several times), battery on a law enforcement officer, sale or delivery of cocaine, felony battery, sale, manufacture, or delivery of cannabis, possession of heroin, and sale or delivery of heroin. Id. at ¶ 2. In addition to these felony convictions, Hameen also had four convictions for domestic battery. Id. at ¶¶ 35, 46, 48, 64. Unfortunately, Hameen's criminal activity has been virtually unrelenting since 1982. See id. at ¶¶ 23-79.

Because of his prior convictions, Hameen was subject to an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Although the United States Sentencing Guidelines recommended a sentence of 262 to 327 months in prison, the Court varied downward significantly and imposed the mandatory minimum sentence of 180 months in prison. See Amended Judgment; (see also Doc. 453, Statement of Reasons). So far, Hameen has served only 32 months of his mandatory minimum sentence. The Court recognizes that much of Hameen's criminal history was related to struggles with mental health and drug addiction. Nevertheless, in this Court's view, and in view of all the § 3553(a) factors, reducing Hameen's sentence at this time would not be consistent with the Sentencing Commission's policy statements or the statutory purposes of sentencing, including the need to protect the public, promote respect for the law, and to afford adequate deterrence. See United States v. Pawlowski, 967 F.3d 327, 330-31 (3d Cir. 2020) (affirming district court's denial of compassionate release based on

5

the § 3553(a) factors where defendant had served only a small fraction of his 15-year prison sentence, even though defendant had only one lung and suffered from hypertensive heart disease, COPD, and sleep apnea); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020) (holding that a district court did not abuse its discretion in denying compassionate release based, in part, on the defendant having served only 14 years of a 30-year sentence).

Accordingly, Defendant Jamaal Abu Talib Hameen's Pro Se Emergency Motion for Compassionate Release (Doc. 521) and counseled Supplemental Motion for Compassionate Release (Doc. 528) are **DENIED**.[4]

**DONE AND ORDERED** at Jacksonville, Florida this 16th day of October, 2020.

MARCIA MORALES HOWARD
United States District Judge

lc 19

Copies:
Counsel of record
Defendant
Clerk of Court, United States Court of Appeals for the Eleventh Circuit

---

[4] To the extent Defendant requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).