**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.  Case No. 3:18-cr-115-MMH-JBT

JAMAAL ABU TALIB HAMEEN

_____/

# ORDER

A jury convicted Defendant Jamaal Abu Talib Hameen of one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). Afterward, the Court sentenced him to the mandatory minimum term of 180 months in prison under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). (See Doc. 457, Amended Judgment). Hameen filed a notice of appeal as to the conviction and sentence (Doc. 458), and his direct appeal remains pending before the Eleventh Circuit Court of Appeals, United States v. Hameen, No. 19–14279 (11th Cir.).[1]

This cause is before the Court on several pro se motions that Hameen submitted after he filed the notice of appeal. (Doc. 507, Motion for Writ of Habeas Corpus; Doc. 516, "Petition for 'Emergency' Relief for Violation of Petitioner's 4th, 5th, 6th, 8th, and 9th Amendments Rights"; Doc. 519, Motion

---

[1] Hameen filed numerous other notices of appeal as well, but the Eleventh Circuit consolidated the various non-direct criminal appeals and affirmed the denial of relief on several other pro se motions. (Doc. 542, USCA Opinion).

to Expedite; Doc. 520, Petition for Writ of Habeas Corpus Based on "Violation of Article I, Section 15"; Doc. 546, Petition for Full Resentencing Hearing; Doc. 551, Petition for Indicative Ruling). In each of the motions, Hameen seeks a ruling declaring his conviction and sentence illegal. Among other things, Hameen argues that his conviction is unlawful under Rehaif v. United States, 139 S. Ct. 2191 (2019), because the indictment did not allege that he knew he was a convicted felon, and that his ACCA sentence is unlawful under Borden v. United States, 141 S. Ct. 1817 (2021). See Motion for Writ of Habeas Corpus at 4–12; Petition for Full Resentencing Hearing at 1–4. The United States responded to the Petition for Full Resentencing Hearing, arguing that Hameen's pending appeal deprives the Court of jurisdiction to rule on it. (Doc. 550, Response).

Subject to exceptions not relevant here[2], "the filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over the aspects of the case involved in the appeal." United States v. Diveroli, 729 F.3d 1339, 1341 (11th Cir. 2013) (internal quotation marks, alteration, and citation omitted). Nevertheless, Rule 37 of the Federal Rules of Criminal Procedure ("Rule(s)")

---

[2] See United States v. Vicaria, 963 F.2d 1412, 1415 n.2 (11th Cir. 1992) (listing exceptions where the filing of a notice of appeal does not divest the district court of jurisdiction).

authorizes a district court to issue limited types rulings on a motion despite a pending appeal. Under that Rule,

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Crim. P. 37(a). As the word "may" implies, a district court has discretion to choose among the three options that Rule 37(a) provides. See LFoundry Rousset, SAS v. Atmel Corp., 690 F. App'x 748, 750 (2d Cir. 2017) (reviewing for abuse of discretion a district court's choice under the analogous Federal Rule of Civil Procedure 62.1).

Hameen's pending direct appeal divests the Court of jurisdiction over his various pro se motions because the motions challenge the lawfulness of his conviction and sentence, which is the very subject of the pending appeal. "The general rule is that a defendant may not seek collateral relief while his direct appeal is pending." United States v. Khoury, 901 F.2d 975, 976 (11th Cir. 1990) (citations omitted). Indeed, several of the arguments Hameen advances in his motions are identical to issues that the parties have briefed before the Eleventh Circuit. See Hameen, No. 19–14279, Docket Entry of Oct. 28, 2020, Appellant's

Br. at 39–56 (arguing that Hameen's conviction should be vacated based on Rehaif); id., Docket Entry of July 20, 2021, Appellant's Supp. Br. at 1–9 (arguing that Hameen's ACCA sentence should be vacated in light of Borden).

Rule 37(a) does not authorize the Court to consider Hameen's pro se motions, despite the pending appeal, because they are not "timely motion[s]." To the extent any of the motions could be construed as a motion for a new trial under Rule 33, none were filed within 14 days of the jury's verdict and Hameen does not cite any "newly discovered evidence" in support of his arguments. Fed. R. Crim. P. 33(b). To the extent any of the motions could be construed as a motion to arrest judgment under Rule 34, none were filed "within 14 days after the court accept[ed] a verdict or finding of guilty." Fed. R. Crim. P. 34(b). Insofar as any of the motions could be construed as a motion to correct sentence under Rule 35, none were filed within 14 days of sentencing. Fed. R. Crim. P. 35(a). And, to the extent any of the motions could be construed as a motion to vacate sentence under 28 U.S.C. § 2255, they are premature because in "this circuit [it is] established that '[a] motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot.'" United States v. Wilson, 894 F.2d 1245, 1252 (11th Cir. 1990) (quoting Welsh v. United States, 404 F.2d 333, 333 (5th Cir. 1968) (abrogated on other grounds)).

Moreover, even if any of the motions could be considered "timely," the interests of comity and judicial economy are best served by deferring consideration of Hameen's arguments. The Eleventh Circuit's decision on direct appeal could resolve some of the issues Hameen raises or render them moot. And, to the extent any of these issues are not resolved on direct appeal, Hameen may be able to raise them in a motion to vacate sentence under 28 U.S.C. § 2255 after the conclusion of his direct appeal, subject to applicable rules and procedures.

Accordingly, it is hereby **ORDERED** that Hameen's pending pro se motions and petitions (Docs. 507, 516, 519, 520, 546, 551) are **DENIED WITHOUT PREJUDICE** based on his pending appeal. If the matters Hameen raises are not resolved on direct appeal, he may file a motion to vacate sentence under § 2255 after his direct appeal concludes.

**DONE AND ORDERED** at Jacksonville, Florida this 4th day of April, 2022.

**MARCIA MORALES HOWARD**
United States District Judge

lc 19

Copies:
Jamaal Abu Talib Hameen
Counsel of record
Clerk of Court, United States Court of Appeals for the Eleventh Circuit