**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.  Case No. 3:18-cr-115-MMH-JBT

JAMAAL ABU TALIB HAMEEN
_____/

# ORDER

In 2019, a jury convicted Defendant Jamaal Abu Talib Hameen of one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). The Court sentenced him to the mandatory minimum term of 180 months in prison under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). (See Doc. 457, Amended Judgment.) Hameen filed a notice of appeal as to the conviction and sentence (Doc. 458), and his direct appeal remains pending before the Eleventh Circuit Court of Appeals, United States v. Hameen, No. 19–14279 (11th Cir.).[1]

This cause is before the Court on several pro se motions Hameen has filed while his direct appeal has been pending. (Doc. 559, Petition for Evidentiary Hearing on Petition to Vacate Sentence Under Rule 33; Doc. 565, Motion to Vacate Armed Career Criminal Designation; Doc. 566, First "Nunc Pro Tunc

---

[1] Hameen filed several other notices of appeal as well, but the Eleventh Circuit consolidated the various non-direct criminal appeals and affirmed the denial of relief on several other pro se motions. (Doc. 542, USCA Opinion.)

Petition to Dismiss Indictment"; Doc. 567, Second "Nunc Pro Tunc Petition to Dismiss Indictment"; Doc. 568, Motion for Indicative Ruling on Petition to Dismiss Indictment.)[2] In each motion, Hameen seeks to set aside his conviction and sentence. He argues that his ACCA sentence is unlawful under United States v. Jackson, 36 F.4th 1294 (11th Cir.) ("Jackson I"), superseded by 55 F.4th 846 (11th Cir. 2022) ("Jackson II"), that his conviction is unlawful under New York State Rifle and Pistol Association v. Bruen, 142 S. Ct. 2111 (2022), and that the indictment was defective because it failed to provide notice of an essential element of the crime (by which Hameen presumably means that the indictment did not allege that he knew he was a convicted felon, as required by Rehaif v. United States, 139 S. Ct. 2191 (2019)).

Subject to exceptions not relevant here[3], "the filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over the aspects of the case involved in the appeal." United States v. Diveroli, 729 F.3d 1339, 1341 (11th Cir. 2013) (internal quotation marks, alteration, and citation omitted). Still, Rule 37 of the Federal Rules of Criminal Procedure ("Rule(s)") allows a district

---

[2] Since filing his direct appeal, Hameen has filed several other motions in this Court contesting the legality of his conviction and sentence. (See, e.g., Docs. 507, 516, 519, 520, 546, 551.) On April 4, 2022, the Court denied six of those motions because of the pending appeal. (Doc. 553.)

[3] See United States v. Vicaria, 963 F.2d 1412, 1415 n.2 (11th Cir. 1992) (listing exceptions when the filing of a notice of appeal does not divest the district court of jurisdiction).

court to issue certain types rulings on "a timely motion" despite a pending appeal. Under that Rule,

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> > (1) defer considering the motion;
> >
> > (2) deny the motion; or
> >
> > (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Crim. P. 37(a). As the word "may" implies, a district court has discretion to choose among the three options that Rule 37(a) provides. See LFoundry Rousset, SAS v. Atmel Corp., 690 F. App'x 748, 750 (2d Cir. 2017) (reviewing for abuse of discretion a district court's choice under the analogous Federal Rule of Civil Procedure 62.1).

Hameen's pending direct appeal divests the Court of jurisdiction over his pro se motions because the motions challenge the lawfulness of his conviction and sentence, which is the subject of the pending appeal. "The general rule is that a defendant may not seek collateral relief while his direct appeal is pending." United States v. Khoury, 901 F.2d 975, 976 (11th Cir. 1990) (citations omitted). The arguments Hameen advances in his pro se motions seek the same relief he is seeking in the Eleventh Circuit: vacatur of his conviction and sentence. Indeed, some of the issues raised on direct appeal are similar, if not

identical, to the issues raised in the pro se motions. See Hameen, No. 19–14279, Dkt. 61, Appellant's Initial Br. at 39–56 (arguing that Hameen's conviction should be vacated based on Rehaif); id., Dkt. 85, Appellant's First Supp. Br. at 1–9 (arguing that Hameen's ACCA sentence should be vacated under Borden v. United States, 141 S. Ct. 1817 (2021)); id., Dkt. 107, Appellant's Second Supp. Br. at 1–9 (arguing that Hameen's ACCA sentence should be vacated under Jackson I, 36 F.4th 1294). Because the pending direct appeal "divests the [Court] of its control over the aspects of the case involved in the appeal," Diveroli, 729 F.3d at 1341, the Court lacks jurisdiction over Hameen's pro se motions contesting the validity of his conviction and sentence.

Rule 37(a) does not authorize the Court to consider Hameen's motions despite the pending appeal because they are not "timely motion[s]." To the extent any of the motions could be construed as a motion to dismiss the indictment, the case is no longer "pending" in this Court for purposes of a jurisdictional challenge, Fed. R. Crim. P. 12(b)(2), and the case is past trial for purposes of challenging a defect in the indictment, Fed. R. Crim. P. 12(b)(3). To the extent any of the motions could be construed as a motion for a new trial under Rule 33, none were filed within 14 days of the jury's verdict, Hameen cites no "newly discovered evidence" in support of his arguments, and even if he did, he did not file these motions within three years of the verdict. Fed. R. Crim. P. 33(b). To the extent any of the motions could be construed as a motion to

arrest judgment under Rule 34, none were filed "within 14 days after the court accept[ed] a verdict or finding of guilty." Fed. R. Crim. P. 34(b). As far as any of the motions could be construed as a motion to correct sentence under Rule 35, none were filed within 14 days of sentencing. Fed. R. Crim. P. 35(a). And, to the extent any of the motions could be construed as a motion to vacate sentence under 28 U.S.C. § 2255, they are premature because in "this circuit [it is] established that '[a] motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot.'" United States v. Wilson, 894 F.2d 1245, 1252 (11th Cir. 1990) (quoting Welsh v. United States, 404 F.2d 333, 333 (5th Cir. 1968) (abrogated on other grounds)).

Even if any of the motions were "timely," the interests of comity and judicial economy are best served by deferring consideration of Hameen's arguments. The Eleventh Circuit's decision on direct appeal could resolve or moot some of the issues Hameen raises. And to the extent these issues are not resolved on direct appeal, Hameen may be able to raise them in a motion to vacate sentence under 28 U.S.C. § 2255 after the conclusion of his direct appeal, subject to applicable rules and procedures.

Accordingly, it is **ORDERED** that Hameen's pending pro se motions and petitions (Docs. 559, 565, 566, 567, 568) are **DENIED WITHOUT PREJUDICE** based on his pending appeal. If the matters Hameen raises are

not resolved on direct appeal, he may move to vacate his sentence under § 2255 after his direct appeal concludes.

**DONE AND ORDERED** at Jacksonville, Florida this 17th day of March, 2023.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc 19

Copies:
Jamaal Abu Talib Hameen
Counsel of record
Clerk of Court, United States Court of Appeals for the Eleventh Circuit